UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO: 2:97-CR-00013-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| SAM CLARK SLAUGHTER, ) | |
| ) | |
| ) | |
| Defendant ) | |

This matter is before the court on defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), to which the government has filed a response in opposition.

In the motion, defendant refers to Amendment 706 to the U.S. Sentencing Guidelines as well as the "18-1 ratio of the new amendment, Law Bill." On 1 July 2009, the court denied defendant's *pro se* motion for a sentence reduction based on Amendment 706, and the court will not disturb its earlier ruling. Regarding defendant's reference to the "18-1 ratio," the court presumes defendant refers to the recently enacted Fair Sentencing Act of 2010 ("FSA"), Pub. L. 111-220. That Act, enacted 3 August 2010, increased the amounts of crack necessary to trigger the mandatory minimum sentences under 21 U.S.C. § 841(b). However, it does not apply retroactively to offenses which occurred prior to its enactment. See United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010); United States v. Reevey, 631 F.3d 110, 114–15 (3d Cir. 2010); United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010). Similarly, Amendment 748 to the U.S.

Sentencing Guidelines, which reduced the base offense levels for crack in response to the FSA, is not identified as an amendment to be applied retroactively to a defendant serving a term of imprisonment. See U.S.S.G. § 1B1.10(a), (c).

Defendant's motion is DENIED.

This 7 April 2011.

						_____
						W. Earl Britt
						Senior U.S. District Judge