# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Sam Clark Slaughter ) | Case No: 2:97-CR-13-1BR |
| ) | USM No: 17348-056 |
| Date of Original Judgment: April 7, 1998 ) | |
| Date of Previous Amended Judgment: ) | Sherri R. Alspaugh |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(B)

Upon motion of  ☑ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(1)(B) for a modification of an imposed term of imprisonment to the extent otherwise expressly permitted by statute and as provided by Section 404 of the First Step Act of 2018, and having considered such motion, and taking into account the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
 ☐ DENIED.   ☑ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of  360  months **is reduced to**  262 months on Count 1 and 240  .

*(Complete Parts I and II of Page 2 when motion is granted)*

months on Count 2, concurrent.  The term of supervised release in Count 1 is reduced to 6 years and the term of supervised release in Count 2 is reduced to 3 years, concurrent.

See also page 1*.

If the amount of time the defendant has already served exceeds this sentence, the sentence is reduced to a "Time Served" sentence, subject to an additional period of up to ten (10) days for administrative purposes of releasing the defendant.

Except as otherwise provided, all provisions of the judgment(s) dated  April 7, 1998  shall remain in effect. **IT IS SO ORDERED.**

Order Date:  6/5/2019

Effective Date:  _____
*(if different from order date)*

W. Earl Britt   Senior U.S. District Judge
*Printed name and title*

Defendant was charged with, and convicted of, conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (Count 1) and distribution of cocaine base in violation 21 U.S.C. § 841(a)(1) (Count 2), with conduct concluding in 1996. At the time of sentencing, the applicable statutory penalties for Count 1 were not less than 20 years nor more than life imprisonment and 10 years to life supervised release and for Count 2 were not less than 10 years nor more than life imprisonment and 5 years to life supervised release. The Fair Sentencing Act of 2010 modified those penalties on Count 1 to not more than 30 years imprisonment and 6 years to life supervised release and on Count 2 to not more than 20 years imprisonment and 3 years to life supervised release. Accordingly, the court concludes that defendant is eligible for relief under the First Step Act of 2018. See United States v. Davis, No. 07-CR-245S(1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 5, 2019). Although defendant is eligible for relief, he is not entitled to plenary resentencing. Id.

In 1998, the court determined that defendant's guideline range on both counts was 360 months to life imprisonment; 10 years supervised release on Count 1; and 5 years supervised release on Count 2. The court sentenced defendant to 360 months imprisonment on each count to run concurrently, 10 years supervised release on Count 1, and 5 years supervised release on Count 2, to run concurrently. Under the First Step Act, considering the new statutory penalties as if they were in effect at the time defendant committed the subject offenses, defendant's reduced guideline range for imprisonment is 262-327 months on Count 1 and 240 months on Count 2 (the statutory maximum term). His reduced guideline range for supervised release is 6 years on Count 1 and 3 years on Count 2.